**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| ERIC MARTIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | 1:15-cv-00024 |
| **Plaintiff,** | |
| v. | |
| ALTISOURCE RESIDENTIAL CORPORATION, WILLIAM C. ERBEY, KENNETH D. NAJOUR, ROBIN N. LOWE, and RACHEL M. RIDLEY, | |
| **Defendants.** | |

TO:    Kevin A. Rames, Esq.
       Laurence M. Rosen, Esq., *Pro Hac Vice*
       Donald J. Enright, Esq., *Pro Hac Vice*

## ORDER

THIS MATTER is before the Court upon the Motion of Amber Scavone for

Appointment as Lead Plaintiff and Approval of Counsel (ECF No. 8) and the Motion of Lei

Shi for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 11).  A

hearing was held upon the motions on October 1, 2015.  Kevin A. Rames, Esq., appeared as

local counsel on behalf of each movant.  Donald J. Enright, Esq., appeared *pro hac vice* on

behalf of Movant Lei Shi.  Laurence M. Rosen, Esq., appeared *pro hac vice* on behalf of

Movant Amber Scavone.

As both movants acknowledge, the Private Securities Litigation Reform Act (PSLRA)

governs the selection of lead plaintiff.  The PSLRA provides a "rebuttable presumption" that

*Martin v. Altisource Residential Corporation*
1:15-cv-00024
Order
Page 2

the most "adequate plaintiff to serve as Lead Plaintiff is the "person or group of persons"

that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted "only upon proof by a

member of the purported plaintiff class that the presumptively most adequate plaintiff –

(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to

unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court finds that both motions are timely and must be considered.  15 U.S.C. §

78u-4(a)(3)(B)(i) ("Not later than 90 days after the date on which a notice is published . . .

the court shall consider any motion made by a purported class member in response to the

notice . . . .").

Movant Shi represents that he "suffered a substantial loss of approximately

$4,026.33."  Mem. of Law in Support of Mot. of Lei Shi for Appointment as Lead Plaintiff and

Approval of Selection of Counsel (ECF No. 12) at 1 and 8.  Movant Scavone claims to have

suffered losses of approximately $2,351.86 during the class period.  Mem. of Law in

Support of Mot. of Amber Scavone for Appointment as Lead Plaintiff and Approval of

Counsel (ECF No. 9) at 4.  Movant Scavone does not dispute that Movant Shi has a larger

*Martin v. Altisource Residential Corporation*
1:15-cv-00024
Order
Page 3

financial interest. However, given the movants' "equally modest financial interests,"
Movant Scavone proposes that the two movants be named co-Lead Plaintiffs. Response of
Amber Scavone to Competing Lead Plaintiff Motion (ECF No. 23) at 1. Although the losses
suffered by movants are relatively small, as counsel for Movant Shi noted at the hearing,
the losses are not equal: Movant Shi bought over four times as many shares as Movant
Scavone during the class period and suffered correspondingly greater monetary losses as
Movant Scavone.

Having reviewed the written submissions of the movants and having heard the oral
arguments of counsel, the Court finds that Movant Lei Shi has established a rebuttable
presumption that he is the most "adequate" to serve as Lead Plaintiff as outlined in 15
U.S.C. § 78u-4(a)(3)(B)(iii)(I). He clearly has the greater financial interest between the
movants. His claims are "typical of the class because they arise from the same series of
events and are based on the same legal theories as those of all purported class members."
*In re Vicuron Pharmaceuticals, Inc. Securities Litigation*, 225 F.R.D. 508, 512 (E.D. Pa. 2004).
In addition, Shi has chosen counsel who have extensive experience in this type of litigation
and will adequately represent the class. *Id.* at 511 ("The adequacy determination is made
in context with the movant's choice of lead counsel.") (citation omitted)).

The Court further finds that Movant Scavone has not provided any "proof" that Shi
will not fairly and adequately protect the interests of the class or that he is subject to
unique defenses as required to rebut the presumption. Movant Shi, as stated by counsel,

*Martin v. Altisource Residential Corporation*
1:15-cv-00024
Order
Page 4

resides in Connecticut; speaks and writes fluent English; works as an investment analyst; and, is a capable, sophisticated, and strongly committed plaintiff.

The Court declines Scavone's invitation to appoint the two movants as co-Lead Plaintiffs. *See* Response of Amber Scavone to Competing Lead Plaintiff Motion (ECF No. 23) at 1 (*citing Glauser v. EVCI Career Colleges Holding Corp.*, 236 F. R.D. 184, 189 (S.D.N.Y. 2006), *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 549-50 (N.D. Tex. 1997)).[1] The Court finds, like the *Glauser* court, that the "appointment of a co-Lead Plaintiff would only serve to fracture the leadership and drive up attorneys [sic] fees." *Glauser*, 236 F.R.D. at 189.

Based upon the foregoing, the Court will appoint Lei Shi as Lead Plaintiff and approve his selection of counsel as Lead Counsel.

WHEREFORE, it is now hereby **ORDERED**:

1.	Motion of Amber Scavone for Appointment as Lead Plaintiff and Approval of Counsel (ECF No. 8) is **DENIED**.

2.	Motion of Lei Shi for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 11) is **GRANTED**.

3.	Plaintiff Lei Shi is appointed as Lead Plaintiff.

4.	Plaintiff Lei Shi's selection of counsel, Levi & Korsinsky, LLP, is appointed as Lead Counsel and Kevin A. Rames, P.C., is appointed as Liaison Counsel.

---

[1] Despite the courts in those cases speculating that this type of scenario, that is, "two or more smaller investors with roughly equal interests where there is no plaintiff with a significantly larger interest than all other plaintiffs" might be an instance where the appointment of co-lead plaintiffs could be appropriate, Movant Scavone fails to cite any case where a court has appointed co-lead plaintiffs in such a situation.

*Martin v. Altisource Residential Corporation*
1:15-cv-00024
Order
Page 5

5.      Lead Counsel shall manage the prosecution of this litigation.  Lead Counsel

are to avoid duplicative or unproductive activities and are vested by the

Court with the responsibilities that include, without limitation, the following:

(1) to prepare all pleadings, (2) to direct and coordinate the briefing and

arguing of motions in accordance with the schedule set by the orders and

rules of the Court, (3) to initiate and direct discovery, (4) to prepare the case

for trial, and (5) to engage in settlement negotiations on behalf of Lead

Plaintiff and Class.

ENTER:

Dated: October 7, 2015                     /s/ George W. Cannon, Jr.
                                           GEORGE W. CANNON, JR.
                                           MAGISTRATE JUDGE