NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF ST. CROIX

| | |
|---|---|
| ERIC MARTIN,<br>    Plaintiff,<br><br> v.<br><br>ALTISOURCE RESIDENTIAL CORPORATION, WILLIAM C. ERBEY, ASHISH PANDEY, KENNETH D. NAJOUR, ROBIN N. LOWE, and RACHEL M. RIDLEY,<br>    Defendants. | Civ. No. 15-0024<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

  This matter comes before the Court upon a motion for leave to file a motion for reconsideration by Defendants Altisource Residential Corporation ("RESI" or "Residential"), William C. Erbey ("Erbey"), Ashish Pandey ("Pandey"), Kenneth D. Najour ("Najour"), Robin N. Lowe ("Lowe"), and Rachel M. Ridley ("Ridley") (collectively, "Defendants"). (ECF Nos. 77). Plaintiff Eric Martin ("Plaintiff") opposes. (ECF No. 82). The Court will decide this matter based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion will be denied.

## **BACKGROUND**

  This case consists of a securities fraud claim for violation of Section 10(b) of the Securities Exchange Act of 1934. On March 16, 2017, this Court denied Defendants'

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

motion to dismiss the claims against it. (ECF No. 73). On April 17, 2017, Defendants moved for an extension of time to file a motion for reconsideration, and included their motion for reconsideration of that decision, based on the Honorable Harvey Bartle III's April 6th decision in a securities fraud claim against a related company and the same individual defendants. (ECF No. 77). These motions are presently before the Court.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.3[2], a motion for reconsideration may be based on one of three separate grounds: (1) intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Such motions must be filed within fourteen days of the order or decision unless time is extended for good cause shown. Local Civ. R. 7.3.

"Such motions are not substitutes for appeals, and are not to be used as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Cabrita Point Development, Inc. v. Evans*, 2009 U.S. Dist. LEXIS 93474, *6 (D.V.I. Sept. 30, 2009) (citing *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)) (internal quotation marks omitted). Rather, "reconsideration is an "extraordinary" remedy." *Bostic v. AT&T of the Virgin Islands*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004). A motion for reconsideration "should only be granted where such facts or legal authority were indeed presented but overlooked."

---

[2] Formerly, Local Rule 7.4.

*Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *1 (D.N.J. Aug. 1, 2012); *see also Rico v. Christopher*, 2016 WL 7155747, at *2 (D.V.I. Dec. 7, 2016) (citing *Greene v. V.I. Water & Power Auth.*, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012)) ("manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it.").

There has been no intervening change in controlling law that could justify granting an extension of time to file this motion for reconsideration. Furthermore, even if the Court were to reconsider its opinion, the opinion of Judge Bartle does not point to a clear error of law by this Court in this case. Defendants put forth arguments which were presented, considered, and rejected at the motion to dismiss stage. These arguments are insufficient for reconsideration of the Court's opinion.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration will be denied. A corresponding order will follow.

**Dated:** *5/26/17*                                          */s/ Anne E. Thompson*
                                                                            ANNE E. THOMPSON, U.S.D.J.