NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| ERIC MARTIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ALTISOURCE RESIDENTIAL<br>CORPORATION *et al.*,<br><br>　　　　　Defendants. | Civ. No. 15-24<br><br>**OPINION** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the Motion to Certify Interlocutory Appeal by Defendants Altisource Residential Corporation ("RESI"), William C. Erbey, Ashish Pandey, Kenneth D. Najour, Robin N. Lowe, and Rachel M. Ridley (collectively, "Defendants"). (ECF No. 182.) Plaintiffs Lei Shi and Ashley Saunders (collectively, "Plaintiffs") oppose. (ECF No. 185.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Motion is denied.

## BACKGROUND

Defendant RESI is a company that bought delinquent mortgages, foreclosed on the mortgaged properties, and either sold the properties or converted them into rental properties. (*See* Op. at 1–2, ECF Nos. 181 (sealed), 183 (redacted).) Plaintiffs bring this securities case against

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Defendant RESI and its officers, claiming that they made misrepresentations about the ability of a related company (Ocwen) to service mortgages and about Defendant RESI's adherence to procedures to mitigate conflicts of interest. (*See id.* at 1–6.)

Since the Complaint was filed in March 2015 (ECF No. 1), this case has seen significant motion practice, including three motions to dismiss for failure to state a claim. (ECF Nos. 72–73, 164–65, 168, 180–81, 183.) Most recently, on June 12, 2019 the Court granted in part and denied in part Defendants' Motion to Dismiss the Third Amended Complaint. (Order, ECF No. 180; Op. at 8–15.) On June 26, 2019, Defendants moved the Court to certify interlocutory appeal of its Order. (ECF No. 182.) Plaintiffs opposed the Motion on July 10, 2019. (ECF No. 185.) Defendants replied on July 24, 2019. (ECF No. 189.) The Motion is presently before the Court.

## **LEGAL STANDARD**

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal only if the moving party establishes that the order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (en banc). Even where all three § 1292(b) requirements are met, the decision to grant certification remains wholly within the district court's discretion. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (citing *Katz*, 496 F.2d at 754). Such certification should be used sparingly because only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotations omitted). Certification is not designed merely "to provide early

review of difficult rulings in hard cases." *Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC*, 2011 WL 601585, at *2 (D.N.J. Feb. 17, 2011) (internal quotations omitted).

## DISCUSSION

The Court's Order is not within the rare class of orders warranting interlocutory appeal. Whatever one may think of the Court's *decision*, there is very little ground for difference of opinion as to any "*question of law*" found therein. *See* § 1292(b) (emphasis added). For an order to be eligible for interlocutory appeal, a difference of opinion "must arise out of genuine doubt as to the correct legal standard." *In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001); *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996)). Questions that "comprehend[] factual as well as legal matters" are less suited for interlocutory appeal than are pure legal questions. *Johnson v. Alldredge*, 488 F.2d 820, 822 (3d Cir. 1973); *see also* Charles Alan Wright et al., 16 Fed. Practice & Procedure Jurisdiction § 3930 (3d ed. Apr. 2019 update) ("[O]rdinarily it seems better to keep courts of appeals aloof from interlocutory embroilment with the factual content of the record.").

In this matter, there is no disagreement that the most relevant precedent is *City of Cambridge Retirement System v. Altisource Asset Management Corp*, 908 F.3d 872 (3d Cir. 2018), and the Court's Opinion applied the standards set forth in *City of Cambridge* and other relevant Third Circuit precedent. (*See* Op. at 7–11.) Defendants do not object to the legal standard itself but to the way it was applied to the facts of this case, as can be demonstrated by skimming the Moving Brief's Table of Contents:

   A. Reasonable Jurists May Differ On Whether Plaintiffs Adequately Alleged That RESI Knew That Ocwen Was Unable To Service Additional Loans

   B. Reasonable Jurists May Differ On Whether Plaintiffs Adequately Alleged That Defendants Violated RESI's Related-Party Transaction Policy

C. Reasonable Jurists May Differ On Whether This Court Was Permitted To Resolve Disputes About Documents Referenced In The Complaint

(Mot. at i.) Because the contested issues revolve more around this case's facts than about the appropriate legal standard, Defendants have not demonstrated a substantial disagreement as to any "question of law." *See* § 1292(b).[2]

Additionally, it is not clear "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See id.* Defendants are of course correct that a Third Circuit ruling entirely in their favor would end the case (Mot. at 6), but that is equally true in every case where a motion to dismiss is denied, and not every such case is appropriate for interlocutory appeal. Another possibility is that the Third Circuit affirms or remands, which would only prolong the litigation. This case is now four years old and has not advanced beyond the pleading stage. "[A] round-trip to the Court of Appeals" would risk even further delay. *See ADP, LLC v. Ultimate Software Grp., Inc.*, 2018 WL 1838003, at *5 (D.N.J. Apr. 17. 2018).

## **CONCLUSION**

For the foregoing reasons, the Motion to Certify Interlocutory Appeal is denied. An appropriate Order will follow.

Date: 8/6/19                                                              */s/ Anne E. Thompson*
                                                                                 ANNE E. THOMPSON, U.S.D.J.

---

[2] Defendants argue that the Court applied a legal standard that was different from what the Third Circuit prescribes. (Mot. at 7–9.) For example, Defendants contend that the Court should have looked at Ocwen's input (*i.e.*, how many loans it could "take on") rather than Ocwen's expected output (*i.e.*, whether Ocwen could foreclose the loans it took). (*Id.* at 8–9.) Defendants call these differences "nuanced but critical." (*Id.* at 8.) The Court does not believe that the Court strayed from Third Circuit precedent in any meaningful way.