# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| ERIC MARTIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALTISOURCE RESIDENTIAL CORPORATION, WILLIAM C. ERBEY, ASHISH PANDEY, KENNETH D. NAJOUR, ROBIN N. LOWE, AND RACHEL M. RIDLEY,<br><br>Defendants. | Case No: 1:15-cv-00024-AET-GWC<br><br>CLASS ACTION |

**REPLY BRIEF IN FURTHER SUPPORT OF (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES; AND <u>INCENTIVE AWARDS TO PLAINTIFFS</u>**

Kevin A. Rames
VI Bar No. 193
K.A. RAMRES, P.C.
Suite 3, 2111 Company Street
Christiansted, St. Croix, U.S.V.I. 00820
Tel: (340) 773-7284
Fax: (340) 773-7282
Email: kevin.rames@rameslaw.com

Nicholas I. Porritt (admitted *pro hac vice*)
Adam M. Apton (admitted *pro hac vice*)
LEVI & KORSINSKY, LLP
1101 30th Street NW, Suite 115
Washington, D.C. 20007
T: (202) 524-4290
F: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Counsel for Plaintiffs
and the Proposed Plaintiff Class*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...................................................................................................................................2

THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE ATTORNEYS' FEE AND EXPENSE APPLICATION........................................................................................................2

CONCLUSION................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**

*Bell Atl. Corp. v. Bolger*,
  2 F.3d 1304 (3d Cir. 1993) ................................................................................................ 3

*Girsh v. Jepson*,
  521 F.2d 153 (3d Cir. 1975) ............................................................................................... 3

*Gunter v. Ridgewood Energy Corp.*,
  223 F.3d 190 (3d Cir. 2000) ............................................................................................... 3

*Harlan v. Transworld Sys., Inc.*,
  No. 13-5882, 2015 WL 505400 (E.D. Pa. Feb. 6, 2015) .................................................. 3

*In re Aetna Inc. Sec. Litig.*,
  No. Civ. A. MDL 1219, 2001 WL 20928 (E.D. Pa. Jan. 4, 2001) .................................... 4

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
  No. MDL 1500, 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) ............................................ 3

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ............................................................................................... 3

*In re Citigroup Inc. Sec. Litig.*,
  965 F. Supp. 2d 369 (S.D.N.Y. 2013) ............................................................................... 3

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  No. 02-CV-3400 (CM), 2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010) ............................. 4

*In re Schering-Plough Corp. ENHANCE ERISA Litig.*,
  No. 08-cv-1432, 2012 WL 1964451 (D.N.J. May 31, 2013) ............................................ 4

*In re Veeco Instruments Inc. Sec. Litig.*,
  No. 05 MDL 01695 (CM), 2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007) ........................ 4

*Maley v. Del Global Techs. Corp.*,
  186 F. Supp. 2d 358 (S.D.N.Y. 2002) ............................................................................... 4

*Plymouth Cty. Contributory Ret. Sys. v. Hassan*,
  No. 08-cv-1022, 2012 WL 664827 (D.N.J. Feb. 28, 2012) .............................................. 4

*Smith v. Dominion Bridge Corp.*,
  No. 96-7580, 2007 WL 1101272 (E.D. Pa. Apr. 11, 2007) .............................................. 4

*Stoetzner v. United States Steel Corp.*,
  897 F.2d 115 (3d Cir. 1990) ............................................................................................... 3

*Vaccaro v. New Source Energy Partners L.P.*,
 No. 15 CV 8954 (KMW), 2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017) ................................... 4

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Court-appointed Lead Plaintiffs Lei Shi and Plaintiff Ashley Saunders (collectively, "Plaintiffs") and Lead Counsel respectfully submit this reply memorandum of law in further support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 227); and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and Incentive Awards to Plaintiffs (ECF No. 228) (collectively, the "Motions").

## PRELIMINARY STATEMENT

All objections to and requests for exclusion from the Class Action Settlement, Plan of Allocation, Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and Incentive Awards to Plaintiffs were due by January 9, 2020. After an extensive effort to provide notice to all class members that were reasonably identified, this deadline has passed and there are ***no objections*** to the proposed Settlement, Plan of Allocation, or the Fee and Expense Application. Additionally, while approximately 34,373 Notices have been mailed to potential Settlement Class Members and nominees and the Summary Notice was published in *Investor's Business Daily* and transmitted over *PR Newswire*, only two request for exclusion has been received. *See* Supplemental Declaration of Steven Straub ("Supp. Mailing Decl.") at ¶5, submitted herewith. Accordingly, Plaintiffs and Lead Counsel respectfully submit that this reaction by the Settlement Class further demonstrates the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and Lead Counsel's request for attorneys' fees and payment of expenses.

## ARGUMENT

### THE REACTION OF THE SETTLEMENT CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE ATTORNEYS' FEE AND EXPENSE APPLICATION.

Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has mailed 34,373 Notice and Claim Forms to date. *See* Supp. Mailing Decl. at ¶3. The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed one-third of the Settlement Fund and payment of litigation expenses in an amount not to exceed $275,000. The Notice also apprised Settlement Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of litigation expenses, and the January 9, 2020 deadline for filing such objections.

In addition, copies of the Notice, Claim Form, Stipulation, Preliminary Approval Order, Motions, and Amended Complaint were posted on www.altisourceresidentialsettlement.com/. Further, pursuant to the Preliminary Approval Order, the Summary Notice was published once in the national edition of *Investor's Business Daily* and once over *PR Newswire* on November 4, 2019, informing readers of the proposed Settlement, how to obtain copies of the notice packet, and the deadlines for the submission of Claim Forms, objections, and exclusion requests.

On December 26, 2019, pursuant to the schedule approved by the Court in the Preliminary Approval Order, Plaintiffs and Lead Counsel filed their opening papers in support of the Motions. The Motions were also posted on the Settlement website. Those papers described Plaintiffs' and Lead Counsel's views of the Settlement, work performed in this litigation, and the fee and expense award requested.

Following this extensive notice program, ***no Settlement Class Member*** objected to any aspect of the Settlement, and only two members requested exclusion from the Settlment. The Third Circuit considers the reaction of the class an important factor in connection with the approval of a proposed class action settlement and a request for attorneys' fees and expenses. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195, n.1 (3d Cir. 2000).

The fact that the Settlement Class's reaction here is resoundingly positive is strong evidence that the Settlement is fair, adequate, and in the best interests of the Settlement Class. "The Third Circuit Court of Appeals has recognized the practical conclusion that it is generally appropriate to assume that 'silence constitutes tacit consent to the agreement'" in the class settlement context. *Harlan v. Transworld Sys., Inc.*, No. 13-5882, 2015 WL 505400, at *8 (E.D. Pa. Feb. 6, 2015) (citing *Bell Atl. Corp. v. Bolger*, 2 F.3d 1304, 1313 n. 15 (3d Cir. 1993). "The vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement . . . ." *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001); *see also Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990) (objections by 29 members of a class comprised of 281 "strongly favors settlement"). Significantly, not a single pension fund or other institution has objected to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's fee and expenses request.[1]

---

[1] The absence of objections by sophisticated Settlement Class Members—such as institutional investors or pension funds who have the resources to carefully evaluate the Settlement and object if it were appropriate to do so—provides further evidence of the fairness of the Settlement. *See, e.g.*, *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013) (that "not a single objection was received from any of the institutional investors" supported settlement); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. MDL 1500, 2006 WL 903236, at *10 (S.D.N.Y.

Similarly, the fact that there are no objections to the proposed Plan of Allocation provides strong support for the plan. *See Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) (finding that "the favorable reaction of the Class supports approval of the proposed Plan of Allocation").

Finally, it is also well recognized that no objections to a fee request represents powerful evidence that the request is fair. *See, e.g.*, *In re Schering-Plough Corp. ENHANCE ERISA Litig.*, No. 08-cv-1432, 2012 WL 1964451, at *6 (D.N.J. May 31, 2013) ("The lack of objections to the requested attorneys' fees supports the request, especially because the settlement class includes large, sophisticated institutional investors.") (quoting *Smith v. Dominion Bridge Corp.*, No. 96-7580, 2007 WL 1101272, at *8 (E.D. Pa. Apr. 11, 2007)); *Plymouth Cty. Contributory Ret. Sys. v. Hassan,* No. 08-cv-1022, 2012 WL 664827, at *4 (D.N.J. Feb. 28, 2012) (same); *In re Aetna Inc. Sec. Litig.*, No. Civ. A. MDL 1219, 2001 WL 20928, at *15 (E.D. Pa. Jan. 4, 2001) ("the Class members' view of the attorneys' performance, inferred from the lack of objections to the fee petition, supports the fee award").[2]

Accordingly, the overwhelmingly positive response of the Settlement Class here fully supports both the motion for approval of the Settlement and Plan of Allocation and the motion for an award of attorneys' fees and expenses.

---

Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

[2] *See also Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of any objections "suggests that [a] fee request is fair and reasonable") (citation omitted); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 (CM), 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) (absence of objections to counsel's fee and expense request "attests to the approval of the Class" and supports approval).

4

## CONCLUSION

For the reasons set forth herein and the opening papers filed in support of the Motions, Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation as fair, reasonable, and adequate, and approve the request for attorneys' fees and payment of expenses.

DATED: January 23, 2020              Respectfully submitted,

**K.A. Rames, P.C.**

*/s/ Kevin A. Rames*                              .
Kevin A. Rames (VI Bar No. 193)
Suite 3, 2111 Company Street
Christiansted, St. Croix, U.S.V.I. 00820
Tel: (340) 773-7284
Fax: (340) 773-7282
Email: kevin.rames@rameslaw.com

*Liaison Counsel for Class*


**LEVI & KORSINSKY, LLP**

*/s/ Nicholas I. Porritt* (admitted *pro hac vice*)
*/s/ Adam M. Apton* (admitted *pro hac vice*)
1101 30th Street NW, Suite 115
Washington, D.C. 20007
T: (202) 524-4290
F: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Counsel for Plaintiffs
and the Proposed Plaintiff Class*