## IN THE DISTRICT COURT FOR THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | |
|---|---|
| ERIC MARTIN, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ALTISOURCE RESIDENTIAL CORPORATION, WILLIAM C. ERBEY, ASHISH PANDEY, KENNETH D. NAJOUR, ROBIN N. LOWE, and RACHEL M. RIDLEY,<br><br>       Defendants. | Civ. No.: 1:15-CV-00024-AET-GWC |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

WHEREAS, this matter came on for hearing on February 5, 2020 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses, including the Plaintiffs' requests for reimbursement pursuant to the PSLRA. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

**NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:**

  1.  This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement filed with the Court on October 8, 2019 (the "Stipulation"), and all

capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and payment of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of litigation expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.      There have been no objections to Lead Counsel's request for attorneys' fees, litigation expenses, or the Plaintiffs' requests for an incentive award pursuant to the PSLRA.

5.      Lead Counsel are hereby awarded attorneys' fees in the amount of one-third of the Settlement Fund and $250,035.47 in payment of Lead Counsel's and Liaison Counsel's litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded as appropriate, if necessary.

6.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      The Settlement has created a fund of $15,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b)  Approximately 34,000 copies of the Notice have been mailed to potential members of the Settlement Class and there have been no objections to the fee or expense request;

(c)  The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Plaintiffs, investors that oversaw the prosecution and resolution of the Action;

(d)  Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)  The Action raised several complex issues and had been litigated for more than four years, and continued litigation would have been extensive and lengthy;

(f)  Had Lead Counsel not achieved the Settlement, there was a significant risk that Plaintiffs and the other Settlement Class Members may have recovered less or nothing from Defendants, and Lead Counsel would have received no fees;

(g)  Lead Counsel and Liaison Counsel devoted 7,564.50 hours, with a lodestar value of $3,819,992.75, to achieve the Settlement; and

(h)  The amount of attorneys' fees awarded, and litigation expenses to be paid, from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.  Lead Plaintiff Lei Shi is hereby awarded $11,429 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.  Plaintiff Ashley Saunders is hereby awarded $5,250 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9.  Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.  Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.   In the event that the Settlement is terminated, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.   There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this _13th_ day of _February_, 2020

BY THE COURT:

THE HONORABLE ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE