IN THE DISTRICT COURT FOR THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ERIC MARTIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALTISOURCE RESIDENTIAL CORPORATION, WILLIAM C. ERBEY, ASHISH PANDEY, KENNETH D. NAJOUR, ROBIN N. LOWE, and RACHEL M. RIDLEY,<br><br>Defendants. | CIVIL NO. 1:15-CV-00024 |

**FINAL ORDER AND JUDGMENT**

WHEREAS:

A.   As of October 7, 2019, Lead Plaintiff Lei Shi and Plaintiff Ashley Saunders (collectively, "Plaintiffs"), on behalf of themselves, and all other Settlement Class Members, on the one hand, and Altisource Residential Corporation ("RESI" or the "Company"), William C. Erbey, Ashish Pandey, Kenneth D. Najour, Robin N. Lowe, and Rachel M. Ridley (collectively, "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B.   Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered October 21, 2019 (the "Preliminary Approval Order"), the Court scheduled a hearing at the Clarkson S. Fisher Building & U.S. Courthouse, Courtroom 4W, 408 East State Street, Trenton, NJ 08608, for January 30, 2020, at 10:00 a.m., which the Court later rescheduled for February 5, 2020, at 10:00 a.m. (the "Settlement Hearing") to, among other things: (i)

determine whether the Settlement Class should be certified for the purposes of the Settlement of the Action only; (ii) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (iii) determine whether a judgment as provided for in the Stipulation should be entered dismissing the Action with prejudice; and (iv) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by January 9, 2020;

E. The provisions of the Preliminary Approval Order as to notice were complied with;

F. No objections to the Settlement were received.

G. On December 26, 2019, Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on February 5, 2020, at which time all interested Persons were afforded the opportunity to be heard; and

2

H. This Court has duly considered Plaintiffs' motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on October 8, 2019; and (ii) the Notice and Summary Notice, filed with the Court on December 26, 2019. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction to enter this Judgment. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action and all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired shares of the publicly traded common stock of RESI between December 24, 2012 and December 22, 2014, inclusive (the "Class Period"), and were allegedly damaged by those purchases or acquisitions and any corrective disclosures. Excluded from the Settlement Class are: (i) Defendants; (ii) the officers and directors of RESI; (iii) members of their immediate families; and (iv) their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who have timely and validly sought exclusion from the Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lei Shi and Ashley Saunders as class representatives for the Settlement

Class; and finally appoints the law firm of Levi & Korsinsky, LLP as class counsel for the Settlement Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. There have been no objections to the Settlement.

7. Defendants timely mailed notice of the Stipulation to the appropriate State and Federal officials in compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, including all of the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

8. In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Plaintiffs and the Settlement Class. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiffs, the

Settlement Class, and Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

9. The Plan of Allocation, as described in the Notice, is hereby approved as fair, reasonable, and adequate. Any order, proceeding, appeal, modification, or change relating to the Plan of Allocation shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

10. The Action is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

11. The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such.

12. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

13. Upon the Effective Date, Plaintiffs and all other Settlement Class Members will expressly, fully, finally, and forever settle and release as against Defendants, and their current and former parents, affiliates, and subsidiaries, and each of their respective current and former officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts or holdings of personal or family assets, employees, immediate family members, insurers, reinsurers, and attorneys, in their capacities as such, all claims, debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues, and charges of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen,

whether class and/or individual in nature, that Plaintiffs or any other member of the Settlement Class: (a) asserted in the Third Amended Complaint or any of the previous complaints filed in this Action, or (b) could have asserted, or in the future can or might assert in the Action or in any other action or in any other forum that relate to, arise out of, or are based upon the allegations, transactions, facts, events, acts, matters or occurrences, disclosures or nondisclosures, representations or omissions involved, set forth, or referred to in the Third Amended Complaint or any of the previous complaints filed in the Action and that relate to the purchase or acquisition of RESI common stock during the Class Period, or that otherwise would have been barred by *res judicata* had the Action been litigated to a final judgment, including all rights of appeal from any prior decision of the Court in the Action..

14. Upon the Effective Date, Defendants will release as against Plaintiffs and all other Settlement Class Members, and their respective attorneys, experts, and agents, all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of, or are based upon, the institution, prosecution, or settlement of the claims against Defendants in the Action. Notwithstanding the foregoing, Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any Person who submits a request for exclusion from the Settlement Class that is accepted by the Court as valid; (iii) any claims that any Defendant may have against any party other than any of Plaintiffs' Releasees; and (iv) any claims that any Defendant may have under or relating to any policy of liability, any other insurance policy, or any contractual or statutory right to indemnification. For the avoidance of doubt, Defendants will not release any insurer, co-insurer, excess insurer, or re-insurer from any obligation owed to any Defendant in the Action for indemnity or coverage under or relating to any policy of liability or other insurance policy.

15. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation (including the term sheet memorializing the Settlement), the Settlement, and any matter arising in connection with

settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, damages, negligence, fault, or wrongdoing of any of Defendants' Releasees or any Person whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of Defendants' Releasees as evidence of, a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of Defendants' Releasees, or against or to the prejudice of Plaintiffs or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs or the other Settlement Class Members;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of Defendants' Releasees, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of Defendants' Releasees, Plaintiffs, other Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against any of Defendants' Releasees, Plaintiffs, or any other Settlement Class Member, as an admission or concession that

7

the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

    (e)  do not constitute, and shall not be offered or construed as evidence that a class should be certified in the Action if the Settlement is not consummated; and

    (f)  do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other Settlement Class Member, that any of their claims are without merit or infirm or that damages recoverable under the Third Amended Complaint would not have exceeded the Settlement Amount.

  16.  The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

  17.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

  18.  Without further order of the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

  19.  The Parties are hereby directed to consummate the Stipulation and to perform its terms.

  20.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. Such order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment, including, without limitation, the Released Claims provided for therein; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this 13th day of February.

BY THE COURT:

THE HONORABLE ANNE E. THOMPSON
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

Joseph K. Collins and Margaret M. Collins JTWOS
Dennis R. Johnson